1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED EYED JACKS SPORTS BAR INC. dab CHEETAH'S NIGHTCLUB, | Case No. 14cv0823 L (RBB) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONSOLIDATE** |
| v. | |
| CITY OF SAN DIEGO AND SHELLEY ZIMMERMAN, in her official capacity as Chief of Police, | Judge: Hon. M. James Lorenz Court Room: 5B |
| Defendants. | |
| JANE DOE, | **RELATED CASE:** |
| Plaintiff, | Case No. 14cv1941 L (RBB) |
| v. | |
| CITY OF SAN DIEGO, SHELLY ZIMMERMAN, and DOES 1-100, inclusive, | |
| Defendants. | |

[CONTINUED ON NEXT PAGE]

22
23
24
25
26
27
28

TANYA A., STEPHANIE B., ANGELA  )   **RELATED CASE:**
C., MINDY C., DIANA D., KATELYNN )
D., HEATHER D., VALERIA E.,      )   Case No.  14cv1942 L (RBB)
TIANA E., BERENIZ F., SARA G.,   )
MARITZA G., CRYSTAL H.,          )
CLARRISE J., EMILIA J. ANDREA L.,)
RENEE L., CHLOE L., KRISTINIA M.,)
MALLORY M., BRITTANY M.,         )
ZINNIA P., CHELSEA S., LINDSAY T.,)
MARIYA W., LINDA E., BRIANNA H., )
ROWSANNA M., JENNIFER S. and     )
ANGELA T.,                       )
                                 )
               Plaintiffs,       )
                                 )
          v.                     )
                                 )
CITY OF SAN DIEGO, SHELLY        )
ZIMMERMAN and DOES 1-100,        )
inclusive,                       )
                                 )
               Defendants.       )
_____ )
SUZANNE COE                      )   **RELATED CASE:**
                                 )
               Plaintiff,        )   Case No.  16cv1447 L (RBB)
                                 )
          v.                     )
                                 )
CITY OF SAN DIEGO; SHELLY        )
ZIMMERMAN, as an individual and in)
her official capacity as Chief of Police;)
KEVIN MOYNA; PERRY McCIVER;      )
DAN PLEIN; CHUCK KAYE; and       )
DOES 1 to 50                     )
               Defendants,       )
                                 )
                                 )
_____ )

        Pending before the Court are four cases arising from police raids in July 2013

and March 2014 on two adult entertainment establishments in San Diego, Cheetah's

and Expose, based on the authority conferred by San Diego Municipal Code

§33.0103.  The cases were related under Civil Local Rule 40.1.  In each of them,

the parties simultaneously filed a Joint Motion to Consolidate Related Matters

and/or Coordinate Discovery; for an Order Vacating Schedule in the Red Eyed

Jacks Case; and Related Orders ("Joint Motion").  They request to consolidate all

four cases.  The *Coe* Defendants oppose consolidation for all purposes, but agree to coordinate discovery and other pretrial proceedings.  For the reasons which follow, the Joint Motion is granted in part and denied in part.

In *Red Eye Jacks Sports Bar, Inc. dba Cheetah's Nightclub v. City of San Diego, et al.*, case no. 14cv823 (*Cheetah's*"), Cheetah's alleges two causes of action, claiming that §33.0103 is unconstitutional under the First, Fourth and Fourteenth Amendments, and that the allegedly unconstitutional conduct during the two raids was ratified by the Chief of Police.  Cheetah's seeks declaratory and injunctive relief against the City, Chief of Police and unidentified police officers responsible for the acts alleged in the complaint.

In *Doe v. City of San Diego, et al.*, case no. 14cv1941 (*"Doe"*), one of the entertainers at Cheetah's who was working at the time of the July 2013 raid claims §33.0103 is unconstitutional under the First, Fourth, and Fourteenth Amendments on its face and as applied, that she was subject to unlawful search and seizure, and that the constitutional violations she suffered during the raid were caused by the City's unlawful policy, practice, or custom and unlawful ratification; and by the City's and the Police Chief's failure to properly train police officers.  She further alleges violation of California Civil Code §52.1 ("Bane Act") for intentional interference with enjoyment of federal and California constitutional rights; and false imprisonment under California law.  Doe alleges eleven causes of action seeking damages, declaratory and injunctive relief against the City, Chief of Police, and unidentified police officers.

In *Tanya A., et al. v. City of San Diego, et al.*, case no. 14cv1942 ("*Tanya A."*), approximately thirty Expose and Cheetah's entertainers claim §33.0103 is unconstitutional under the First, Fourth, and Fourteenth Amendments on its face and as applied, that they were subject to unlawful searches and seizures, and that the constitutional violations were caused by the City's unlawful policy, practice, or custom and unlawful ratification; as well as by the City's and the Police Chief's

3

failure to properly train police officers.  Like Doe, they also allege a Bane Act violation and false imprisonment.  They assert eight causes of action for damages, declaratory, and injunctive relief against the City, Chief of Police, and unidentified police officers.  Although at first *Tanya A.* may seem indistinguishable from *Doe*, the factual allegations and legal arguments differ in subtle but significant respects.

In *Coe v. City of San Diego et al.*, case no. 16cv1447 ("*Coe*"), the owner of Cheetah's alleges the City and the Chief of Police retaliated against Coe by revoking Cheetah's adult entertainment permit because Cheetah's entertainers and management complained to the media about the police raids and filed lawsuits against the City and the Chief of Police.  She asserts four causes of action for retaliation in violation of the First and Fourteenth Amendments, violation of the Equal Protection Clause of the Fourteenth Amendment, and for supervisor liability and unlawful ratification of the permit revocation.  Coe seeks declaratory and injunctive relief against the City, Chief of Police, four named police officers involved in the decision to revoke the permit, and several unidentified officers involved in the alleged wrongdoing.

Federal Rule of Civil Procedure 42(a) provides in pertinent part:
> **Consolidation**.  If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

In considering whether to consolidate, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

Although the Joint Motion overstates the similarity of the related cases, it is apparent on the face of the pleadings that there is significant overlap of factual and legal issues raised in *Cheetah's*, *Doe* and *Tanya A.* cases, and to a lesser extent with

respect to *Coe*.  On the other hand, each case names multiple unidentified police officers as Defendants.  It is unclear whether they would oppose consolidation if any when they are identified and served.  It is also unknown to what extent the unidentified officers differ among the cases.  The potential difference in the named party defendants and their respective positions, and the differences in some of the factual allegations and legal theories raised in each case counsel against consolidation for all purposes at this time.  However, the overlap of some factual and legal issues, and the efficiencies that can be gained to the judicial process and the parties in discovery and motion briefing, warrant some level of coordination.

Based on the foregoing, the Joint Motion is granted in part and denied in part as follows:

1.      The request for consolidation for all purposes is denied without prejudice.

2.      The requests for this Court to vacate the scheduling order and settlement conference in *Cheetah's*, and the early neutral evaluation conference set in *Tanya A.*; schedule a joint early neutral evaluation and case management conference for all four cases; and issue specific discovery orders are denied without prejudice.  If the parties wish to pursue these requests, they must file an appropriate motion with the assigned Magistrate Judge pursuant to Civil Local Rule 72.1.

3.      The parties shall forthwith contact the assigned Magistrate Judge to schedule a joint case management conference with a view to arrive at a joint discovery plan and pre-trial case management schedule consistent with this Order.

4.      Any motions filed in the future shall be filed and/or opposed jointly by all parties who are impacted by the issues raised in the motion.  The motions shall be briefed by omnibus briefs filed by the moving and opposing sides.

*/ / / / /*

5)      If at the completion of discovery and motion practice, the parties wish to consolidate any or all the cases for trial, they may raise the issue in an appropriate motion.

**IT IS SO ORDERED.**

Dated:  July 29, 2016

Hon. M. James Lorenz
United States District Judge